NEW YORK COUNTY.—HON. RASTUS S. RANSOM, SURROGATE.—February, 1889.

MATTER OF TOWNLEY.

*In the matter of the application for the probate of the will of* JANE W. TOWNLEY, *deceased.*

A subscribing witness to a will recognized the will as being in the handwriting of her husband, and as witness identified her signature, but the

circumstances attending the execution of the paper had passed entirely out of her memory. Another witness identified her own signature and testified as to the place of the execution of the will, and who were present; that a man whose name she did not remember signed as the first subscribing witness, that testatrix or a person there present asked her to sign as a witness; that such person said while they were signing in the presence of each other that the paper was a will; that he showed the testatrix where to sign the paper, which she did in the presence of the witnesses, and that after the signature of the will the attestation clause was read aloud in the presence of the witnesses. The testatrix was present during all this time. Two other witnesses identified the signature of the testatrix. The third witness whose signature was illegible could not be found. *Held*, that the substantial requirements of the statute were complied with in the execution of the paper.

PROBATE of a will.

FRANK B. COLTON, *for proponent.*

W. J. UNDERWOOD, *for contestant.*

THE SURROGATE.—The evidence fully establishes that at the time the alleged testatrix executed the paper propounded she was of sound mind and under no restraint nor subject to undue influence. The only point in question is whether the substantial requirements of the statute were complied with in executing the paper.

The proof on this point is almost wholly confined to the testimony of one of the subscribing witnesses, Margaret J. B. Erwin, which was taken by commission. There were three subscribing witnesses, one of whom the proponent has been unable to find, and whose signature is illegible.

Another subscribing witness, Mrs. Eliza H. Townley, identified her signature, but the circumstances attending the execution of the paper had passed entirely from her memory. She also testified that the body of the paper is in the handwriting of her husband.

The testimony of Mrs. Erwin, as taken by commission, is substantially as follows: She identified her own signature which appears on the paper as that of the second subscribing witness, and testified further that the signing of the paper took place in Mr. Townley's sitting-room in Elizabeth, N. J., there being present Mr. Robert W. Townley, his wife, the testatrix, and a man whose name she cannot remember but who signed as first subscribing witness; that either Mr. Robert W. Townley or the testatrix, asked her to sign as a witness, the testatrix being present when the request was made; that Mr. Townley said, while she and the other witnesses were signing, that the paper was a will, and the testatrix was present when such statement was made; that she and the other two witnesses signed in the presence of the testatrix, and in the presence of each other, and that she thought Mr. Townley read the paper aloud.

On a subsequent examination she testified that Mr. Townley showed the testatrix where to sign the paper, and that she, the witness, saw her sign, and at the time of such signing, the three subscribing witnesses were present; that after the testatrix had signed, Mr. Townley read aloud the attestation clause in her presence, and in the presence of the three witnesses before they signed as witnesses. Cyrus W. Loder and Sarah A. Loder, called by proponent, positively identified the signature of the testatrix. Under section 2620, Code of Civil Procedure, this paper is established as the last will and testament of Jane W. Townley, by the testimony of Eliza H. Townley, who identifies her own signature, and by that of Margaret J. B. Erwin,

who not only positively identifies her own signature, and that of the testatrix, but also gives proof of other circumstances sufficient to prove the will.   The will is admitted to probate.